**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aquaquim SA de CV, et al., | No. CV-22-01576-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Environmental Fluids Incorporated, | |
| Defendant. | |

**I.**

This is an action for breach of contract. Plaintiffs Aquaquim SA de CV ("Aquaquim") and Surfamex S.A. de C.V. ("Surfamex") (collectively "Plaintiffs") are Mexican companies. (Doc. 1 ¶¶ 1-2.) Aquaquim is a chemical manufacturer and Surfamex is a product manufacturer. (*Id*. ¶¶ 10-11.) Plaintiffs sue Environmental Fluids, Inc. ("EFI"), an Arizona-based chemical research and production company, for failing to pay on an agreement to manufacture certain chemical products. (*Id*. ¶¶ 5, 12, 14.) According to the Complaint, EFI owes Plaintiffs over $750,000 for product deliveries that were invoiced between March 2016 and March 2020. (*Id*. ¶¶ 21, 23; Doc. 1-4.)

EFI filed a Motion to Dismiss for improper venue under Rule 12(b)(3), Fed. R. Civ. P., arguing that this Court lacks jurisdiction because the parties' agreement contains a forum selection clause specifying that all disputes must be adjudicated in the courts of Mexico City, Federal District, Mexico. (Doc. 12.) A copy of the parties' contract is attached to the Complaint as Exhibit A. (Doc. 1-2.) Article Twenty Sixth of the parties' contract is

titled "JURISDICTION" and it states the following:

> For the interpretation, execution and compliance of this Agreement the Parties expressly submit themselves to the applicable laws and to the jurisdiction of the courts of Mexico City, Federal District, waiving to any other jurisdiction that may correspond to the Parties by virtue of their present or future domiciles or for whatever other reason.

(*Id*. at 20.)[1] EFI argues that Article Twenty Sixth is a mandatory forum selection clause that requires all disputes to be heard in the courts of Mexico City, Federal District.

Plaintiffs oppose the Motion for three reasons. First, Plaintiffs argue that Article Twenty Sixth is a permissive forum-selection clause. This, according to Plaintiffs, allows the parties to litigate disputes in any court that has jurisdiction. Second, they obtained a judicial determination from a Mexican court declaring the forum-selection clause unenforceable. Third, even if it is a mandatory forum selection clause, Plaintiffs argue that they do not have an adequate alternative forum because the Mexico City court already declined jurisdiction.

## II.

"Forum selection clauses are presumed valid and should be enforced unless doing so clearly would be 'unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching.'" *Aimsley Enters. Inc. v. Merryman*, No. 19-CV-2101-YGR, 2020 WL 1677330, at *5 (N.D. Cal. Apr. 6, 2020) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62-63 (2013)). Well-established judicial policy favors the enforcement of forum selection clauses as representations of the parties' bargaining and mutual expectations. And a plaintiff bears the heavy burden "to show why the court should not enforce the forum selection clause." *Id*.; *see also Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1084 (9th Cir. 2018) (affirming the dismissal of a complaint because a plaintiff did not carry "their heavy burden of showing

---

[1] This contract language has been translated from Spanish and was submitted by the parties. The parties do not dispute the accuracy of the translation and have based their arguments upon this English translation.

the sort of exceptional circumstances that would justify disregarding a forum-selection clause").

**A.**

Plaintiffs first argument is that the forum selection clause's stated preference for the "Courts of Mexico City, Federal District," is permissive and does not foreclose the parties from litigating their disputes in Arizona, EFI's domicile. According to Plaintiffs, "that language reflects nothing more than a consent to jurisdiction, not a requirement that jurisdiction lie only in Mexico." (Doc. 15 at 6.) Plaintiffs also argue that the absence of language indicating that Mexico City, Federal District is the "exclusive" venue for disputes further supports their interpretation.

But the clause's next provision, "waiving to any other jurisdiction that may correspond to the Parties by virtue of their present or future domiciles or for whatever reason," seems to belie that position. To that point, Plaintiffs suggest that "[t]he waiver simply means that [EFI] could not object to jurisdiction in Mexico based on its domicile (*i.e.*, Arizona)." (*Id.* at 6.) EFI disagrees, arguing that the forum selection clause clearly expresses the parties' "intent to waive the right to file suit in '*any other jurisdiction*,' including those—like this Court—that are based on EFI's 'present or future domicile.'" (Doc. 21 at 2.)

The Court must review the forum selection clause to determine whether it is permissive or mandatory. The forum selection clause at issue here can be analyzed using basic principles of contract interpretation and without the need of extrinsic evidence. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). "Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id*. (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)). Applying these principles, the Court finds that the forum selection clause is mandatory.

"When only jurisdiction is specified[,] the clause will generally not be enforced

without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). Here, when the forum selection clause is read as a whole, the waiver language clearly indicates the parties' intent to designate the courts of Mexico City, Federal District as the exclusive venue for dispute resolution. *See Al Good v. Nippon Yusen Kaisha*, No. 1:12-CV-01882-AWI, 2013 WL 2664193, at *4 (E.D. Cal. June 12, 2013) (analyzing a sentence as a whole to find that a clause was mandatory). Plaintiffs' contention that the waiver language only "means that [EFI] could not object to jurisdiction in Mexico based on its domicile" ignores the final words of the clause. Giving the language its ordinary meaning, the Court finds that the "or for whatever other reason" language at the end of the forum selection clause constitutes "further language" demonstrating an intent to exclude jurisdiction from other courts. To interpret the forum selection clause as Plaintiffs request would render these final words meaningless. *See Doe 1*, 552 F.3d at 1081 ("We read a written contract as a whole, and interpret each part with reference to the whole.") (citation omitted).

Additionally, that the term "exclusive" is absent from the language of the clause is no obstacle to finding it mandatory. While such term would certainly be sufficient to hold that a forum selection clause is mandatory, it is not necessary. *See Docksider*, 875 F.2d at 763 (finding a forum selection clause to be mandatory despite it lacking "any express mandatory term such as 'exclusively'"). Although the Court looks to the intent of the parties from the language of the contract itself, the law does not require magic words. Reading the language as part of a whole, the Court finds that the inclusion of the waiver language at the end of the clause is clear evidence of the parties' intent to give the courts of Mexico City, Federal District, exclusive jurisdiction. Accordingly, the forum selection clause is mandatory. *See Al Good*, 2013 WL 2664193, at *4 ("A mandatory clause is one where jurisdiction is exclusive.").

**B.**

Plaintiffs next argue that even if the forum selection clause is deemed mandatory, it is unenforceable because the "Mexico City court invalidated the forum-selection clause in

the parties' agreement[.]" (Doc. 25 at 1; *see also* Doc. 1 at ¶ 9.) Prior to filing this lawsuit, Plaintiffs sought relief against EFI in a "Commercial Oral Process [proceeding] before the Oral Process Courts in Mexico City." (Doc. 21-1, Declaration of José-David Enríquez-Rosas, ¶ 2.3.) The Oral Process Court dismissed the case for lack of territorial competence. Plaintiffs next sought an Amparo Directo, a constitutional review performed by a higher court, wherein the prior ruling was affirmed. (*Id*. ¶¶ 2.4-2.6.) Assuming the Amparo Directo ruling invalidated the forum selection clause, its determination is neither binding nor dispositive.[2]

      A Mexican court's role in an Amparo proceeding has been compared "to that of an umpire, in that the court's sole task is to determine whether the relevant government action is illegal, and if so, to provide the individual with federal protection by granting the [A]mparo." *Madrigal v. Tellez*, No. EP-15-CV-181-KC, 2015 WL 5174076, at *9 (W.D. Tex. Sept. 2, 2015) (internal marks omitted). Under Mexican law, "decisions of an Amparo court are provisional in nature and only limit governmental action." *Martinez v. Palmer*, No. 4:21-CV-00520-DCN, 2022 WL 671212, at *3 n.5 (D. Idaho Mar. 7, 2022) (citation omitted). An Amparo proceeding "is a highly complex legal institution" with "a more limited scope than an appeal" and essentially serves as "the means to review and annul unconstitutional judicial decisions." *United States v. Fowlie*, 24 F.3d 1059, 1064-65 (9th Cir. 1994). As such, United States courts are understandably wary of deciphering the effects of Amparo decisions. *See, e.g.*, *Noeller v. Wojdylo*, 922 F.3d 797, 806 (7th Cir. 2019) ("Even if we could find a reliable record of [plaintiff's] amparo case . . . we would need to decide what legal conclusions a Mexican court reached based on its analysis of Mexican laws and criminal procedure. That is simply not our job here.").

      In abiding by principles of international comity, this Court need only give conclusive effect to a foreign court's judgment if certain criteria are met. *See Hilton v. Guyot*, 159 U.S. 113, 202-03 (1895). As relevant here, "[n]otice is an element of our notion of due process" and the courts of the United States "will not enforce a judgment obtained

---

[2] As explored *infra*, Section C, the parties dispute the effect and meaning of the Mexican court's Amparo Directo ruling.

without the bare minimum requirements of notice." *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV*, 347 F.3d 589, 594 (5th Cir. 2003); *see also Somportex, Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 443 (3d Cir. 1971) (noting that the "polestar is whether a reasonable method of notification was employed and reasonable opportunity to be heard was afforded to the person affected").

It is uncontroverted that EFI had no notice of the proceedings in the Mexican courts, was not a party to the suit, and had no opportunity to be heard. (*See* Doc. 15 at 4.) Thus, to the extent the Amparo ruling invalidated the forum selection clause, this Court is not bound to give that finding conclusive effect. *See Embotelladora Agral Regiomontana*, 347 F.3d at 596 (finding that a district court abused its discretion under principles of international comity in accepting a Mexican court's ex parte bankruptcy determination). Moreover, given the provisional nature of the proceedings, the determination of the Amparo decision does not affect the parties' rights under federal law. *See Fowlie*, 24 F.3d at 1065 (finding an Amparo decision to have no bearing on an individual's rights under a United States-Mexico extradition treaty).

The Court also notes that the parties have not requested that it use Mexican law to interpret and analyze the enforceability of the forum selection clause despite the clause seemingly also containing a choice of law provision.[3] *See Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 438 (7th Cir. 2012) (finding the issue of the applicable law waived where neither party requested that the district court apply Mexican law to determine the enforceability of a forum selection clause that also contained a choice of law provision); *Yei A. Sun*, 901 F.3d at 1086 (holding that federal contract law applies to the interpretation of the scope of a forum selection clause); *Weber v. PACT XPP, Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016) (explaining that the enforceability of a forum selection clause is governed by federal law). In any event, the Amparo ruling does not foreclose the Court from analyzing the validity or enforceability of the forum selection clause and cannot by

---

[3] In relevant part, Article Twenty-Sixth of the parties' agreement states: "For the interpretation, execution and compliance of this Agreement the Parties expressly submit themselves to the applicable laws and to the jurisdiction of the courts of Mexico City, Federal District . . . ." (Doc. 1-2 at 20.)

1  itself establish or strip jurisdiction to adjudicate the parties' claims.

**C.**

Plaintiffs last argument opposes the forum selection clause on the basis that they lack an adequate alternative forum. "[T]he appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine*, 571 U.S. at 60. A party moving to dismiss on grounds of *forum non conveniens* must show, *inter alia*, "the existence of an adequate alternative forum[.]" *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009). Similarly, a forum selection clause can be set aside if "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).[4] Following *Atlantic Marine*, "courts must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs no remedy whatsoever." *Yei A. Sun*, 901 F.3d at 1092 (citation omitted).

Plaintiffs argue that the forum selection clause is invalid because it "would effectively deprive [them] of their day in Court." (Doc. 15 at 7.) This is so, Plaintiffs argue, because the forum selected in the contract, "the courts of Mexico City, Federal District," became unavailable to them when the Mexico City court rejected jurisdiction. Plaintiffs claim that the Mexico City courts provided them no avenue for redress and that it would be fundamentally unfair to dismiss this case. (*Id.* at 10.) EFI responds that the Amparo decision provided Plaintiffs with an available forum in Mexico, the courts of the municipality of Cuautitlán, State of Mexico. (Doc. 21 at 6.) EFI contends that, in finding the courts of Mexico City, Federal District to lack jurisdiction over this dispute, the Amparo decision determined that Article 1104 of Mexico's Commercial Code requires Plaintiffs to sue in Cuautitlán, State of Mexico. (*Id.* at 7.) In an ensuing battle of sur-replies, the parties' dispute whether the Amparo decision required Plaintiffs to sue in Cuautitlán,

---

[4] The Supreme Court identified two other reasons for setting aside a forum selection clause: fraud or overreaching by a party or if enforcing the clause would "contravene a strong public policy of the forum in which suit is brought . . . ." *M/S. Bremen*, 407 U.S. at 15. Plaintiffs do not challenge the forum-selection clause for either of these reasons.

State of Mexico, before coming to this Court. (Docs. 25, 29.)

To be considered adequate, a foreign forum must provide the plaintiff with "some" remedy. *Loya*, 583 F.3d at 666 (9th Cir. 2009). As a result, the Ninth Circuit has held that a forum selection clause "remains enforceable even when the contractually selected forum may afford the plaintiffs less effective remedies than they could receive in the forum where they filed suit." *Yei A. Sun*, 901 F.3d at 1092 (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1296 (9th Cir. 1998)). Similarly, establishing the deprivation of one's day in court is a high standard. Indeed, a "court must dismiss a suit filed 'in a forum other than the one specified in a valid forum-selection clause,' even if it 'makes it possible for [plaintiffs] to lose out completely, through the running of the statutes of limitations in the forum finally deemed appropriate." *Id.* at 1091 (quoting *Atl. Marine*, 571 U.S. at 66 n.8).

Plaintiffs have an adequate alternative forum. This case presents the interesting circumstance in which the parties selected forum can not only provide "some" remedy but arguably already has. Through the Amparo decision, the courts of Mexico City, Federal District, effectively gave Plaintiffs an answer: litigate in Cuautitlán, State of Mexico. Although the parties dispute whether the Amparo decision requires Plaintiffs to litigate in the courts of Cuautitlán, State of Mexico, both sides agree that the Amparo decision identified those courts as an appropriate forum. The Court does not doubt that when Plaintiffs filed suit in Mexico City, they hoped to abide by the obligations imposed in their forum selection clause. But Plaintiffs cannot now, unhappy with the answer furnished by their bargained-for forum, come to this Court to escape a result brought about by their agreement. The Court finds that the Mexico City court's direction in the Amparo decision does not leave Plaintiffs without any remedy whatsoever. Rather, in directing the parties to litigate in Cuautitlán, State of Mexico, the parties chosen forum of Mexico City provided "some potential avenue for redress." *Peterson v. Boeing*, 108 F. Supp. 3d 726, 731 (D. Ariz. 2015) (quoting *Ceramic Corp. of Am. v. Inka Mar. Corp. Inc.*, 1 F.3d 947, 949 (9th Cir. 1993)).

Likewise, the Court finds that dismissal of this suit on *forum non conveniens*

grounds would not deprive Plaintiffs of their day in court. Neither party has argued that litigating in the courts of Cuautitlán, State of Mexico, would be so gravely difficult or inconvenient. That Plaintiffs would prefer to litigate here cannot weigh upon the Court's determination. *See Yei A. Sun*, 901 F.3d at 1091 ("Where the parties have agreed to a forum-selection clause, they 'waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.'") (quoting *Atl. Marine*, 571 U.S. at 64). So long as "there exists a basically fair court system in that forum that would allow plaintiff to seek some relief[,]" this Court may enforce the parties' forum selection clause. *See Weber*, 811 F.3d at 774 (reasoning that the fact that certain remedies are unavailable in a foreign forum "does not change the calculus"). Courts in the United States "have found Mexico to be an adequate forum for litigation, despite differences in Mexican and American substantive and procedural laws." *Aimsley Enters. Inc.*, 2020 WL 1677330, at *7 (citing *Loya*, 583 F.3d at 666-67); *see also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003). And Plaintiffs have not provided the Court with a reasonable basis to believe that they will be afforded no remedy whatsoever in the courts of Cuautitlán, State of Mexico.

### III.

Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Dismiss Complaint (Doc. 12) and dismissing this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in Defendant's favor and close this case.

Dated this 3rd day of April, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge